## JEREMIAH BENNETT

v.

## JOHN T. PULLIAM.

1. PLEA OF SET-OFF—WHAT MAY BE SHOWN UNDER.—A plea of set-off is in the nature of a cross-action and under a general replication to such plea evidence may be given, that the subject matter of the set-off is a partnership asset between plaintiff and defendant.

2. FORMER ADJUDICATION.—When plaintiff, under his general replication to defendant's plea of set-off, alleged that the wood, the value of which was sought to be set-off against his demand, was partnership wood, it was competent for the defendant to show that in a former suit between them, the question of partnership in the wood had been decided adversely to the plaintiff, and this could be done under the pleadings as they then stood; defendant was not obliged to plead former adjudication to plaintiff's replication.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. EDWARD L. THOMAS, for appellant; against the instruc-

tion given for appellee, cited Ill. Cent. R. R. Co. v. McKee, 43 Ill. 119; Adams v. Smith, 58 Ill. 117.

Appellee having sworn to a fact as existing, he is estopped to claim anything contrary to such sworn statement: Bigelow on Estoppel, 23; Smith v. Newton, 38 Ill. 230; Flower v. Elwood, 66 Ill. 438; The People v. Brown, 67 Ill. 435; Flanigan v. Turner, 1 Blackf. 491.

Messrs. Wilderman & Hamill, for appellee; that under the pleadings, evidence of partnership in the wood was admissible, cited 2 Greenleaf's Ev. § 135; Wann et al. v. McNulty, 2 Gilm. 355; Whitesides v. Lee et al. 1 Scam. 548.

Erroneous instructions will not be ground for reversal if the evidence sustains the verdict: Hall v. Groufe, 52 Ill. 421; Watson v. Woolverton, 41 Ill. 242; Gilchrist v. Gilchrist, 76 Ill. 281.

The doctrine of estoppel is based upon a fraudulent purpose and a fraudulent result: Davidson v. Young, 38 Ill. 152; 2 Story's Eq. Jur. § 1543; Mills v. Graves, 38 Ill. 465; People v. Brown, 67 Ill. 435.

Allen, J. This was an action of assumpsit brought by appellee against appellant and James Fincher in the St. Clair Circuit Court, to the April term, 1877, on a promissory note for $300, dated Nov. 5, 1875, payable to appellee and signed by appellant and Fincher.

Fincher filed his several pleas, "non assumpsit" and "release," and afterward suit was dismissed as to him.

Appellant severally filed his plea "general issue" and "set-off;" afterward the plea of general issue was withdrawn, leaving only the plea of set-off. To this plea appellee filed a general replication, and upon this plea and replication the cause was tried by a jury at the September term, 1877.

The jury found for appellee, and assessed his damages at $387.30.

Appellant moved for a new trial, which motion was overruled by the court, and judgment was rendered on verdict of jury for $387.30 and costs. An appeal was prayed by appellant and was allowed to this court.

Upon the trial appellee introduced the note in evidence and rested.

Appellant then introduced in support of his plea of set-off, evidence to prove that appellee had received between 400 and 500 cords of wood from appellant, worth $1.50 per cord.

Appellee introduced evidence tending to prove that the cordwood received from appellant was partnership wood which he and appellant owned jointly. To this evidence of appellee appellant objected, but the court overruled the objection.

Appellant then offered to introduce evidence tending to show that in a former suit between appellee and appellant, the question of partnership had been submitted in that trial, and that the jury found that no partnership had existed. To this evidence appellee objected, and the court sustained the objection. After the evidence was closed, the court, on behalf of appellee, gave the jury the following instructions:

1. If plaintiff and defendant were partners in wood, etc., the jury should not allow set-off.

2. The court instructs the jury that in the former trial in this court between Pulliam and Bennett, the jury which tried said cause between Pulliam and Bennett had nothing whatever to do with the question of whether Bennett and Pulliam were partners in business in matters that were not submitted to said jury, and the jury in this case are instructed that they have nothing whatever to do with the finding or decision of the former jury in the case of Pulliam v. Bennett.

3. If Fincher was not released by agreement, then the jury must find for plaintiff.

4. If plaintiff and defendant were partners, then they must find for plaintiff.

Defendant objected to giving above instructions severally. Objection overruled and defendant excepted.

The first error assigned is that improper evidence was permitted to go to the jury by the court on behalf of appellee.

It is insisted that appellee, under his general rejoinder to appellant's plea of set-off, could not introduce evidence tending to prove partnership in the wood. We think this objection is not well taken

Bennett v. Pulliam.

If this were a suit by appellee for the value of the wood, the defendant could, under "*non assumpsit*," introduce evidence of partnership. A plea of set-off is in the nature of a cross action, and a general replication to such plea performs the same office that a plea of general issue would in an action of assumpsit.

"The defendant may plead '*non assumpsit*' when there is a partnership between defendant and plaintiff." Saunders on Pleading and Evidence, Vol. 2, 648.

The second error assigned is the refusal of the court to permit appellant to introduce evidence to show that this question of partnership in the wood had been adjudicated in a former trial between appellee and appellant, and that in that suit the jury found that no partnership existed.

To determine the correctness or incorrectness of the ruling on this point, we must again revert to the pleading. Appellant in his plea claims compensation for wood. Appellee replies generally: you have no right to such compensation in this suit. Appellant makes his proof that appellee got the wood. Appellee replies: the wood I got was partnership wood. Appellant proposes to show that in a former suit this question of partnership was litigated, and it was found no partnership existed; shall he not be permitted to do so? Appellee says he must plead former adjudication. Plead it how; rejoin it to appellee's general replication? This he could not do, for he could not know that appellee would attempt to set up partnership. If appellee had replied specially, as he could do, that the wood was partnership wood, then appellant could have rejoined the former adjudication, and he must have done so before his proof would have been admissible; but to hold that appellant could not rebut proof of partnership offered by appellee under the issues as they were in this suit, and as appellee himself had made them, was in our judgment error in the Circuit Court.

Exception was taken to the second instruction given for appellee by the court, and the giving of that instruction is assigned for error.

That instruction assumes that in a former trial between these parties, the question of partnership in this wood was not

Bennett v. Pulliam.

inquired of by the jury, or if the jury did make such inquiry they had no right to do so. Now whether the jury did or did not inquire into and pass upon that question, was a question of fact upon which the court could not instruct, and whether they had a right to inquire into that question would depend upon the pleadings in that suit. Under the pleadings in that case, whether they could consider the question of partnership would be a question of law, but what the pleadings were was a question of fact upon which the court could not pass in an instruction. We regard the instruction as erroneous in that regard, and when we consider the latter part of that instruction in connection with some of the testimony in this trial, it may have misled the jury.

It appears from the testimony of appellant on this trial that, in a former trial between him and appellee, this question of partnership in this wood was in some way involved in the trial of that cause. When asked by counsel for appellee if he had not testified on former trial that wood was partnership property, he answered that he did, but he (appellee) outswore me. My understanding was that he (appellee) went down there (meaning to the Pierce land, where the wood was) as my partner, but he (appellee) denied it, and swore it all the same. He (appellee) swore he went down there to work for me. What appellee swore in that regard was also introduced; he says I had no settlement with Bennett (appellee) before I went on the Pierce land. "Bennett never settled with me by giving me mill and partnership timber on Pierce land." There never was any understanding about it (the partnership), for I never accepted his proposition.

In answer to question whether he had not taken mill and interest in timber for his debt against Bennett (appellant) his answer was, *no sir*, I never did.

From these extracts of appellee's testimony on former trial, and appellant's testimony on the present trial, then it is manifest a partnership in this timber on the premises described was set up by appellant against the claim of appellee in that suit, and that appellee was repelling the idea of a partnership between them, and while the real merits in that suit was not presented in

this, yet the jury, after hearing the testimony called out by appellee in his cross-examination of appellant, the jury are instructed that they have nothing to do with the finding or decision of the jury in the former case.

Such an instruction might be understood by them to mean that as they had nothing to do with the finding of the jury in the former trial, they must disregard the evidence on this trial of what was sworn to on the former trial.

We regard this instruction as erroneous, and for these reasons reverse the decision of the Circuit Court.

Reversed and remanded.

BAKER, J.   In the conclusion reached that this judgment should be reversed and the cause remanded, I altogether concur.   I think that the evidence in this record clearly shows there was no partnership between Bennett and Pulliam.   Therefore, appellant's set-off for the wood should have been allowed by the jury.   To form a partnership, at least so far as the parties themselves are concerned, the assent of both of the contracting parties is required.   While the evidence shows assent on the part of Bennett, it also shows clearly there was no assent whatever on the part of Pulliam.   Either both parties must be bound, or neither.   The court erred in overruling the motion for a new trial.

I do not understand, however, that the offer of appellant in the Circuit Court went to the extent of proving there had been an issue and former adjudication between the parties on the question of partnership.   The question of a partnership seems to have been incidentally raised in some manner, in some former litigation.   I cannot concur in all that is said in the opinion filed upon this subject.

TANNER, P. J.   I concur in the reversal of the judgment, but place it upon the ground stated in the opinion of Judge Baker.